People v Lavine (2023 NY Slip Op 03416)

People v Lavine

2023 NY Slip Op 03416

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Renwick, P.J., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Ind No. 2855/19 Appeal No. 522 Case No. 2022-00846 

[*1]The People of the State of New York, Respondent,
v
Joel Lavine, Defendant-Appellant.

Glenn A. Garber, P.C., New York (Glenn A. Garber of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julianna Sousou of counsel), for respondent.

Judgment, Supreme Court, New York County (Daniel Conviser, J.), rendered February 18, 2022, convicting defendant, after a jury trial, of two counts of sexual abuse in the third degree, and sentencing him to a conditional discharge for a period of one year, unanimously affirmed.
We agree with the trial court that prosecutor's summation did not impermissibly shift the burden of proof to defendant, effectively requiring him to prove consent. Rather, the remark in question merely apprised the jurors that a finding of lack of consent could not only be proven by the victim expressly rejecting sexual contact, such as by saying "no" or "stop." The remark at issue did not misstate the law, ask the jury to disregard it, or undermine a defense claim of implied consent. On the contrary, the remark was consistent with a person's responsibility not to engage in sexual contact in the absence of "express[] or implied[] acquiescence in the actor's conduct" (Penal Law 130.05[2][c]).
To the extent that an isolated phrase earlier in the prosecutor's summation could be viewed as vouching for the victim's credibility, it did not deprive defendant of a fair trial under all the circumstances, and it is insufficient to warrant reversal (see People v D'Alessandro , 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023